UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO:

TERRION MCNAIR,

    Plaintiff,

v.

ASAP TOWING & STORAGE COMPANY,
a Florida corporation,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, TERRION MCNAIR ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* files the following Complaint against Defendant, ASAP TOWING & STORAGE COMPANY ("ASAP TOWING" or "Defendant"), and alleges as follows:

## INTRODUCTION

1. Defendant unlawfully deprived Plaintiff of federal minimum and overtime wages during the course of his employment. Plaintiff made an effort to obtain his unpaid wages before initiating this lawsuit to no avail. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all federal wages that Defendant refused to pay Plaintiff during his employment and to further recover damages arising from the unlawful retaliation committed by Defendant.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Duval County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, ASAP TOWING, was a Florida for profit corporation located and transacting business within Jacksonville, Florida, within the jurisdiction of this Honorable Court.

4. ASAP TOWING operates at least five (5) locations throughout Jacksonville, Florida.

5. Defendant, ASAP TOWING, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

6. During all times material hereto, Defendant was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices, particularly as they relate to Plaintiff, during the relevant time period.

## JURISDICTION AND VENUE

7. All acts and omissions giving rise to this dispute took place within Duval County, Florida, which falls within the jurisdiction of this Honorable Court.

8. Defendant, ASAP TOWING, is headquartered and regularly transacts business in Duval County, Florida, and jurisdiction is therefore proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

9. Venue is also proper within the Middle District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

10. Defendant, ASAP TOWING, has been in operation in Florida since at least 1995.

11. ASAP TOWING provides tow truck services throughout the Duval County area and utilizes more than thirty (30) tow trucks out of at least five (5) various locations in the surrounding area.

## FLSA COVERAGE

12. Defendant, ASAP TOWING, is covered under the FLSA through enterprise coverage, as ASAP TOWING was engaged in interstate commerce during Plaintiff's employment period. More specifically, ASAP TOWING's business and Plaintiff's work for ASAP TOWING affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, ASAP TOWING, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

13. During his employment with Defendant, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: wrenches, screwdrivers, cloths, car brakes, nuts, bolts, pencils, pens, car keys, etc.

14. Defendant, ASAP TOWING, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, ASAP TOWING an enterprise covered by the FLSA.

15. Upon information and belief, Defendant, ASAP TOWING, grossed or did business in excess of $500,000.00 in 2019, and is expected to gross in excess of $500,000.00 in 2020.

16. During all material times hereto, Plaintiff was a non-exempt employee of Defendant, ASAP TOWING, within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANTS

17. Plaintiff began working for Defendant in 2019 and continued to do so until March 2020.

18. During all times periods pertinent to this Complaint, Plaintiff performed non-exempt work for Defendant as a tow truck driver throughout Duval County and the surrounding area.

19. During all times material hereto, Plaintiff was a non-exempt hourly employee employed by Defendant.

20. Plaintiff worked *in excess of* forty (40) hours per week when he was employed by Defendant in 2019 and 2020.

21. On average, Plaintiff worked sixty-five to seventy (65-70) hours per week.

22. Defendant failed to pay Plaintiff the federal minimum wage free and clear of any unlawful deductions in one or more workweeks during his forty-four (44) weeks of employment.

23. Defendant failed to pay Plaintiff 1.5 times his regular hourly rate free and clear and any unlawful deductions for hours worked in excess of forty (40) per week in one or more workweeks during his forty-four (44) weeks of employment.

24. Plaintiff is therefore entitled to recover federal minimum wages and overtime wages arising from violations committed by Defendant during the course of his employment.

25. Plaintiff objected to the withholding of his hard-earned wages.

26. Furthermore, in March 2020, Defendant terminated Plaintiff's employment but failed to properly pay Plaintiff for the hours Plaintiff worked in the final two (2) weeks of Plaintiff's employment.

27. Plaintiff brings these claims arising under the Fair Labor Standards Act and is therefore entitled to recover his reasonable attorney's fees and costs incurred as a result of Defendant's unlawful conduct.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*

28. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 27 as though set forth fully herein.

29. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

30. Plaintiff claims the federal overtime wages free and clear of any unlawful deductions for all of the hours that he worked in excess of forty (40) per week during the entire forty-four (44) weeks of employment with Defendant.

31. Defendant willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages free and clear of any unlawful deductions as required by the FLSA, as Defendant knew of the federal overtime wage requirements of the FLSA yet refused to pay Plaintiff same.

32. Defendant recklessly failed to investigate whether Defendant's payroll practices were in accordance with the FLSA during the relevant time period.

33. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

34. Defendant's willful and/or intentional violations of federal wage law entitles Plaintiff to an additional amount of liquidated, or double, damages.

35. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, TERRION MCNAIR, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, ASAP TOWING & STORAGE COMPANY, and award Plaintiff: (a) unliquidated damages to be paid by the Defendant; (b)

liquidated damages to be paid by the Defendant; (c) reasonable attorney's fees and costs to be paid by the Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## **COUNT II – FEDERAL MINIMUM WAGE VIOLATIONS –** *29 U.S.C. 206*

36. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 27 as though set forth fully herein.

37. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

38. Plaintiff claims the federal minimum wages for one or more violations committed by Defendant during the course of Plaintiff's employment.

39. Defendant willfully and intentionally refused to pay Plaintiff the applicable federal minimum wages free and clear of any unlawful deductions as required by the FLSA during at least one or more weeks of employment, as Defendant knew of the federal minimum wage requirements of the FLSA yet refused to pay Plaintiff same.

40. Defendant recklessly failed to investigate whether Defendant's payroll practices were in accordance with the FLSA during the relevant time period.

41. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

42. Defendant's willful and/or intentional violations of federal wage law entitles Plaintiff to an additional amount of liquidated, or double, damages.

43. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, TERRION MCNAIR, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, ASAP TOWING & STORAGE COMPANY, and award Plaintiff: (a) unliquidated damages to be paid by the Defendant; (b) liquidated damages to be paid by the Defendant; (c) reasonable attorney's fees and costs to be paid by the Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, TERRION MCNAIR, requests and demands a trial by jury on all appropriate claims.

Dated this 31st day of March, 2020.

        Respectfully Submitted,

        **USA EMPLOYMENT LAWYERS-**
        **JORDAN RICHARDS, PLLC**
        805 E. Broward Blvd. Suite 301
        Fort Lauderdale, Florida 33301
        Ph: (954) 871-0050
        *Counsel for Plaintiff*

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372
        *Jordan@jordanrichardspllc.com*
        *Melissa@jordanrichardspllc.com*
        *Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on March 31, 2020.

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372

## SERVICE LIST: