UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:20-cv-330-J-39MCR

TERRION MCNAIR,

    Plaintiff,

v.

ASAP TOWING & STORAGE COMPANY,
a Florida corporation,

    Defendant.

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff, TERRION MCNAIR ("Plaintiff"), and Defendant, ASAP TOWING & STORAGE COMPANY ("Defendant") (collectively, Plaintiff and Defendant are referred to as "the Parties"), by and through undersigned counsel, file this Joint Motion for Approval of Settlement Agreement, as follows:

**I.    BACKGROUND**

Plaintiff filed his complaint against Defendant on March 30, 2020. *D.E. 1*. Plaintiff's Complaint alleges two (2) counts against Defendant: (1) federal minimum wage violations; and (ii) federal overtime wage violations. *Id*. The parties respectfully request that this Honorable Court approve the Parties' negotiated settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA"). After extensive negotiations, the Parties reached a resolution of the disputed wages owed to the Plaintiff. In order to avoid the further expense and uncertainty of litigation, the Parties negotiated a settlement agreement ("the Agreement") and reached an agreement on all material terms. Plaintiff acknowledges that if he is paid the consideration that

Defendant has agreed to pay in exchange for Plaintiff's execution of the Agreement, he will have been paid for all hours worked during his employment with Defendant. Defendant seeks to resolve the claim without any admission that Plaintiff was not properly compensated while employed with Defendant. Further, Plaintiff's attorney's fees and costs in resolving his claims were negotiated independently and separately from the settlement to avoid compromising Plaintiff's wage claims. The settlement thus provides Plaintiff with full and fair compensation for his FLSA claims. Accordingly, the Parties respectfully request that this Honorable Court approve their Agreement, and grant their Motion for Court Approval of Settlement Agreement and For Order of Dismissal with Prejudice. A copy of the settlement agreement is attached as *Exhibit A*.

## II.     **MEMORANDUM OF LAW**

Unlike many other legal claims, parties may not bargain away the FLSA's protections. *See* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 708 (1945) ("[T]he same policy which forbids employee waiver of the minimum statutory rate because of inequality of bargaining power, prohibits these same employees from bargaining with their employer in determining whether so little damage was suffered that waiver of liquidated damages is called for"). There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. *See, e.g.,* Lynn's Food Stores, Inc., 679 F.2d at 1352. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. *Id.* at 1353. The only other route for compromise of FLSA claims is provided in the context of lawsuits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. *Id.*

When employees bring a private action for back wages under the FLSA, and present to the court a proposed settlement, the court may enter a stipulated judgment "after scrutinizing the

settlement for fairness." *See, e.g.,* Powell v. Carey Int'l, Inc., 483 F.Supp.2d 1168, 1177 n. 9 (S.D. Fla. 2007) *quoting* Lynn's Food Stores, Inc., 679 F.2d at 1353-55 (Court should determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute"); Dalton v. Physicians Stat Lab, Inc., 2019 WL 1093438 at *2 (M.D. Fla. Feb. 6, 2019) (Conway J.) (adopting report and recommendation to approve FLSA settlement agreement when Plaintiff recovered half of damages claimed in Answer to Court's Interrogatories and finding fees were fair and reasonable when they were negotiated without regard to amount Plaintiff agreed to accept in the settlement); Parsel v. Orgullo Latino LLC, 2019 WL 2365976 at *1 (M.D. Fla. June 4, 2019) (Dalton, J.) (adopting Magistrate Judge Hoffman's report and recommendation to approve FLSA Settlement Agreement when Plaintiff did not receive all damages he was seeking and finding that attorneys' fees were fair and reasonable when they were negotiated separate from consideration Plaintiff was receiving); Dell Valle v. Digital Risk, LLC, 2014 WL 5038617, at *1 (M.D. Fla. Sept. 29, 2014) (Presnell, J.) (adopting Magistrate Judge Kelly's Report and Recommendation for approval of FLSA Joint Settlement Agreement where attorneys received $10,000 out of a total settlement of $20,000); Jenkins v. Associated P'ship, Ltd., Inc., 2010 WL 375936 (M.D. Fla. Jan 25, 2010) (Presnell J.) (adopting report and recommendation for approval of settlement agreement and for dismissal with prejudice in an FLSA matter where Plaintiff's attorney received $20,000 in fees and costs, and Plaintiff received $10,000 for unpaid wages and liquidated damages). If a settlement in an FLSA dispute reflects a reasonable compromise over issues that are actually in dispute, such as FLSA coverage or computation of back wages, the district court is permitted to review and approve the settlement in order to promote the policy of encouraging settlement of litigation. *See* Lynn's Food Stores, Inc., 679 F.2d at 1353.

Here, the Parties respectfully submit that the terms set forth within the Agreement attached hereto qualify as a "fair and reasonable resolution" of the FLSA claims alleged by Plaintiff. *Exhibit "A."* Strong disagreement exists as to whether Plaintiff is owed any overtime payment whatsoever. If Plaintiff had proceeded to trial, a jury could have determined that he was not entitled to the recovery sought, in which case he would recover nothing. Instead, the Parties have negotiated a payment through counsel that is satisfactory to the Parties and their counsel.

Without admitting any liability as to the alleged overtime violations, Defendants have agreed to pay Plaintiff a total sum of five thousand dollars ($5,000.00) to settle his FLSA claims in full. The undersigned counsel, who are experienced in wage and hour matters, view the reached upon settlement as a fair outcome for the Parties. Defendants and Counsel for Plaintiff separately negotiated attorneys' fees and costs without compromising Plaintiff's claim.[1]

The Parties jointly submit that the settlement agreement attached hereto is a fair and reasonable resolution of the dispute between the Parties, and respectfully request that this Court approve the Settlement and enter a dismissal of this case **with prejudice**.

### III.   CONCLUSION

WHEREFORE, Plaintiff, TERRION MCNAIR, and Defendant, ASAP TOWING & SERVICE COMPANY, request that this Honorable Court enter an order: (a) granting the Motion for Approval of Settlement Agreement and dismissing this case with prejudice, (b) reserving jurisdiction for up to sixty (60) days to enforce the settlement agreement, and entering any and all such further relief as may be deemed just and equitable under the circumstances.

---

[1] According to Plaintiff's counsel's internal calculations, which counsel for Defendant has neither examined or approved, counsel for Plaintiff incurred seventeen thousand five hundred and sixty-two dollars and 25/100 cents ($17,562.25) prosecuting Plaintiff's claims. In order to expedite Plaintiff's settlement, counsel for Plaintiff separately negotiated to accept thirteen thousand dollars and 00/100 ($13,000.00) dollars in attorney's fees and costs, of which twelve thousand five hundred and twenty-five dollars and 00/100 cents ($12,525.00) represents attorney's fees, and four hundred and seventy-five dollars and 00/100 cents ($470.00) represents attorney's costs in this litigation.

## LOCAL RULE 3.01(g) CERTIFICATE

**I HEREBY CERTIFY** that Counsel for Plaintiff conferred with Counsel for Defendant regarding the relief requested in this Motion, all of whom jointly seek such relief.

**Dated this 20th day of August 2020.**

Respectfully submitted,

| | |
|---|---|
| **BARRY A. BOBEK, ESQUIRE**<br>503 East Monroe St.<br>Jacksonville, Florida 32202<br>Telephone: (904) 632-2010<br>**LAUREN E. BOBEK, ESQURIE**<br>390 North Orange Ave., Suite 2300<br>Orlando, Florida 32801<br>Telephone: (407) 284-1702<br>*Counsel for Defendant* | **USA EMPLOYMENT LAWYERS JORDAN RICHARDS, PLLC**<br>*Counsel for Plaintiff*<br>805 E. Broward Blvd. Suite 301<br>Fort Lauderdale, Florida 33301<br>Telephone: (954) 871-0050 |
| By: /s/ *Barry Bobek, Esq.*<br>**BARRY A. BOBEK, ESQUIRE**<br>Florida Bar No. 301272<br>**LAUREN E. BOBEK, ESQUIRE**<br>Florida Bar No. 90808<br>barrybobekpa@gmail.com | By: /s/ *Melissa Scott, Esq.*<br>**JORDAN RICHARDS, ESQUIRE**<br>Fla. Bar No. 108372<br>**MELISSA SCOTT, ESQUIRE**<br>Fla. Bar No. 1010123<br>**JAKE BLUMSTEIN, ESQUIRE**<br>Florida Bar No. 1017746<br>jordan@jordanrichardspllc.com<br>melissa@jordanrichardspllc.com<br>jake@jordanrichardspllc.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF and served on all counsel below on August 20, 2020.

By: /s/ *Melissa Scott, Esquire*
MELISSA SCOTT, ESQ.
Florida Bar No. 1010123

## SERVICE LIST

**BARRY A. BOBEK, ESQUIRE**
Florida Bar No. 301272
503 East Monroe St.
Jacksonville, Florida 32202
Tel: (904) 632-2010
*barrybobekpa@gmail.com*
**LAUREN E. BOBEK, ESQUIRE**
Florida Bar No. 90808
390 North Orange Ave., Suite 2300
Orlando, Florida 32801
Tel: (407) 284-1702